# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ADRIEN KING,

    Plaintiff,

    v.

RREMC RESTAURANTS LLC,
D/B/A Denny's

    Defendant.

_____.

Case No: 6:25-cv-01757

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

Plaintiff ADRIEN KING, herein sues Defendant, RREMC RESTAURANTS LLC (hereinafter RREMC), doing business as Denny's, for violations of 29 U.S.C. 201 et seq. of the Fair Labor Standards Act (the "FLSA"), and states as follows:

1. Plaintiff herein commences this legal action against Defendant for willful violations of the federal wage and hour overtime pay laws and related regulations.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action involves a federal question under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. This Court is empowered to issue a declaratory judgment under 28 U.S.C.§§ 2201 and 2202.

4. Venue is proper to this Court pursuant to 28 U.S.C. Sec. 1391(b) as the harm and damages which occurred to Plaintiff and the illegal pay practices complained of occurred within this District because the damages occurred within this district.

5. Defendant has and continues to operate a fixed business within this district, a Denny's restaurant from where Plaintiff worked from in Ormond Beach, Volusion County Florida.

## THE PARTIES

6. Plaintiff Adrien King is a citizen of Florida. He was first employed by Defendant as a cook on or about February 10, 2023, and at all times material, worked at Defendant's Denny's restaurant located at 110 Williamson Blvd, Ormond, Beach, Volusia County, Fl 32174.

7. Sometime in mid-2023, Plaintiff was promoted to an "assistant manager" and then classified as a salaried exempt employee thereafter earning about $40,000 per year.

8. Defendant terminated Plaintiff's employment in August 2025.

9. At all times Plaintiff worked for Defendant as an assistant manager, he was required to a full daily and weekly shift as a cook.

10. Plaintiff's primary job duty as an assistant manager was always to be a cook and to work his whole shift performing cooking and kitchen duties.

11. Plaintiff was paid on a salary plus commission basis, and he routinely earned commissions.

12. Plaintiff's primary duty always remained to work as a cook at all times while he was working under the title of Assistant Manager.

13. Plaintiff could not delegate cooking to other employees and never did delegate the cooking to another employee.

14. Likewise, Plaintiff could not use his discretion to schedule another cook to work with him so he could perform management duties instead.

15. Plaintiff did not supervise and direct the work of 2 or more full time employees.

16. Plaintiff was not involved in the decision to hire, fire or discipline employees.

17. Plaintiff did not create work schedules for the restaurant or other employees.

18. Plaintiff has no role in the compensation being paid to other employees.

19. Plaintiff did not work from within the office within the restaurant; only the general manager, and not Plaintiff was permitted to work from the office.

20. While the defendant gave the plaintiff some responsibility to check and report on things, like walk-throughs, these so-called management duties were trivial, routine and standardized, and took a few minutes to complete.

21. In June 2025, Plaintiff was assigned to work the night shift of 6 during, during which he was the sole cook in the restaurant.

22. At all times, Plaintiff's pr

### DEFENDANT RREMC RESTAURANTS LLC.

23. Defendant, RREMC. is a Florida Limited Liability Corporation, with a principal place of business located at 1280 Old Congress Avenue, suite #107, West Palm Beach, Fl. 33409. Defendant may be served through its Registered Agent for service of process, JOHN METZ, at the same corporate office.

24. As presented by Defendant on its website https://www.rremcrestaurants.com; Defendant owns and operates numerous locations of the following restaurants: Denny's, Hurricane Dockside Grill and Wings, Wahoo Sports Grill, and Keke's breakfast Cafe.

25. Defendant lists the Ormond Beach Denny's restaurant where plaintiff worked as one of its restaurants on its website as well.

26. Defendant is an "Employer" within the definition of the FLSA Section 203 and has revenues exceeding $500,000 annually in all applicable time periods and has employed at least 100 or more employees at any given time during the preceding 3 years to the present day.

27. The overtime wage provisions set forth in FLSA §207 apply to Defendant, as it engages in interstate commerce. Indeed, at all relevant times, Defendant engaged in interstate commerce and/or in the production of goods for commerce within the meaning of FLSA Sec. 203 and subject to the FLSA under Enterprise Coverage.

28. Defendant had a duty to have investigated, studied, audited, and assessed its pay practices and its federal and state law duties and obligations and determine if it was in compliance; and the failure to have done so subjects it to payment of liquidated damages, a three (3) year statute of limitations for FLSA violations.

## COUNT I
## VIOLATIONS OF FLSA §207 AND DECLARATORY ACTION PURSUANT TO 28 U.S.C. SECTIONS 2201 and 2202

29. Plaintiff alleges and incorporates by reference the foregoing paragraphs of this Complaint and fully restates and realleges all facts and claims herein as if fully stated.

30. Defendant has willfully and intentionally engaged in a scheme to violate the provisions of the FLSA and evade its obligations as an employer to pay overtime premiums by misclassifying Plaintiff as exempt from overtime pay, and thus, willfully refusing to pay him overtime premiums for all hours worked over 40 in each and every work week.

31. Defendant knew that Plaintiff was scheduled for and did in fact routinely work more than 40 hours each workweek.

32. Defendant required and expected Plaintiff to work more than 40 hours throughout the term of his employment as an assistant manager.

33. Defendant did not track and record Plaintiff's work hours.

34. As Defendant failed to institute any actual time tracking system or time clock for employees to log in and out their ACTUAL work times, ISR can meet their burden here by estimating their work hours as per the U.S. Supreme Court decision, *Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946).*

35. Defendant's conduct and actions classifying Plaintiff as exempt from overtime pay under the FLSA was a willful violation of Section 207 of the FLSA and further lacks any good faith basis under the FLSA as cooks are generally considered to be non-exempt by DOL regulations and from court decisions on the FLSA.

36. There's no dispute here: Plaintiff's primary job duty was cooking at the restaurant, which if not performed by him, would result in no food being served, and the restaurant to close and cease to operate.

37. Further, Plaintiff was eligible for and did earn a bonus or incentive compensation based upon numerous factors which need to be factored into his regular rate of pay.

38. Beyond his primary duty of cooking, Plaintiff's other job duties were routine, standardized, data collection and reporting and inspections pursuant to guidelines and well known to be non-exempt job duties.

39. Plaintiff routinely worked more than 40 hours throughout the time he was an assistant manager which dates to more than 2 years ago, and he was never paid a premium for any of the overtime hours worked.

40. At no time did Defendant limit the work hours of Plaintiff or prohibit him from working evenings and weekends.

41. Defendant has willfully and with reckless disregard for the requirements of the FLSA and its regulations, failed to pay Plaintiff overtime wages for all work hours over (40) hours in one or more work weeks as mandated by FLSA §207.

42. Defendant does not have a good faith basis for these described unlawful pay practices, such that Plaintiff entitled to be paid an equal sum in overtime wages owed at rates of one- and one-half times his respective regular rates of pay as liquidated damages. *See Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903 at 925 (E.D. La. 2009).

43. As a result of Defendant's willful violations of the FLSA, Plaintiff has suffered economic damages by Defendant's failure to pay overtime compensation in accordance with FLSA §207.

44. Due to Defendant's willful violations of the FLSA, a three-year statute of limitations applies to the FLSA violations pursuant to 29 U.S.C. §255(a).

45. Because Defendant did not track and record the work hours of the Plaintiff, the burden shifts to Defendant to prove the precise hours worked by the Plaintiffs or the court or jury can award wages based upon the estimates by the Plaintiffs.

46. As a result of Defendant's unlawful acts and pay practices described herein, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial; and are entitled to recovery of such amounts, liquidated damages in amount equal to the overtime wages due, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §216(b), as well as injunctive relief pursuant to 29 U.S.C. §217.

47. Defendant has failed to make, keep and preserve records, with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of 29 CFR 516.2, 29 U.S.C. §§ 211, 216.

48. STATEMENT OF CLAIM

Plaintiff initially estimates the value of the wages a jury might award to him for the claim period of June 2023 to August 2, 2025, during which Plaintiff estimates he worked on average 58 hours per work week. Defendant classified Plaintiff as FLSA exempt and paid him a salary plus bonuses. Plaintiff's correct

overtime rates must factor in Plaintiff's earned non-discretionary bonuses. First, using the Fluctuating Workweek method (FWW), without factoring Plaintiff's earned bonuses, and using an estimate of 18 overtime hours per week, Plaintiff's estimated owed unpaid overtime pay is $280.50 per work week for an estimated 111 workweeks. This sum equals $31,359.90 which includes an equal amount in liquidated damages. The nature of the unpaid wages is for the overtime premiums not paid to Plaintiff. Plaintiff does NOT concede to or agree to the application of the FWW and is and will continue to pursue the application of the FLSA default overtime pay rate of time and one half of his regular rate of pay. Using the time and ½ default rate, Plaintiff estimates his wages at 33.89 per hour to be 67, 720, and with liquidated damages, $135,441 in damages. Plaintiff provides this estimate without the availability of time and payroll records and reserves the right to adjust this estimate and statement of claim up or down depending upon such records.

**WHEREFORE,** Plaintiff ADRIEN KING demands judgment against Defendant and seeks the following relief: a) That the Court find and declare Defendant has willfully violated the overtime compensation provisions of the FLSA; b) That the Court find and declare Defendant's violations of the FLSA overtime laws were lacking a good faith basis for complying with the FLSA; c)That the Court award Plaintiff overtime premiums and wages pursuant to FLSA §207 for all hours worked over 40 in the preceding 3 years at a rate of time and one half his regular rate of pay and an equal sum as liquidated damages; d) That Plaintiff be awarded

and reimbursed for all of his incurred attorneys' fees, costs and expenses of this litigation pursuant to FLSA § 216; f) That the Court award any other legal and equitable relief as this Court may deem fair, just or appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this 11th day of September 2025 by:

>*/s/Mitchell L. Feldman*
>**Mitchell L. Feldman, Esq**
>Florida Bar No.: 0080349
>FELDMAN LEGAL GROUP
>12610 Race Track Rd #225
>Tampa, Fl 33626
>Tele: (813) 639-9366
>Fax: (813) 639-9376
>mail: Mail@feldmanlegal.us
>mfeldman@flandgatrialattorneys.com
>*Lead Attorney for Plaintiff*